Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 1636 | DATE | 11/6/2000 |
| CASE TITLE | | U.S.A. vs. Evans | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's petition for post-conviction relief under 28 U.S.C. Section 2255 is denied. Ruling set for 11/17/00 is vacated. Enter Memorandum Opinion and Order. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 07 2000 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING 00 NOV -6 PM 5: 25 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 11/6/2000 | |
| | | | date mailed notice | |
| MPJ | courtroom deputy's initials | | MPJ | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 00 C 1636 |
| | ) | |
| JESSE J. EVANS | ) | |

MEMORANDUM OPINION AND ORDER

On June 16, 1997, Jesse Evans was convicted of fifteen counts of racketeering and other crimes in connection with his activities as Alderman of the 21st Ward in Chicago, Illinois. Mr. Evans filed several post-trial motions, all of which I denied. He appealed my ruling on his *Batson* challenge, and the Seventh Circuit affirmed his conviction. He now files a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. All seven of his claimed grounds for relief are procedurally barred, so Mr. Evans' motion is denied.

I.

Mr. Evans argues that his trial violated his Sixth Amendment rights because: (1) the government failed to disclose favorable evidence relating to the grand jury testimony of Stephen Gray; (2) the jury was exposed to extraneous evidence during deliberation; (3) the government failed to disclose the "relationship" between juror Debra Drown and James Burn, then the United States Attorney

for this district; (4) the government violated *Batson v. Kentucky*, 476 U.S. 79 (1986), when it exercised peremptory challenges to excuse jurors Crystal Clay and Karen Roberts; (5) I denied him the right to call two experts, Tyrone Powers and Elizabeth Biatek, and I denied him the right to cross examine the government "mole," John Christopher, or to call him as a hostile witness. In addition, he argues that his Sixth Amendment right to counsel was violated because of: (6) the ineffective assistance of Stanley Hill, his trial counsel; and (7) the ineffective assistance of his appellate counsel, Richard Kling, when he refused to appeal issues other than the *Batson* violation.

Relief under § 2255 is only appropriate in extraordinary situations. *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). A prisoner may only seek relief from constitutional or jurisdictional violations. 28 U.S.C. § 2255. A § 2255 motion "is neither a recapitulation nor a substitute for direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995). Claims under § 2255 are procedurally barred if they raise: (1) issues that were raised on direct appeal, without a showing of changed circumstances, *Norris v. United States*, 687 F.2d 899, 900 (7th Cir. 1982); (2) nonconstitutional issues which could have been raised on

direct appeal but were not, *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997); or (3) constitutional issues which could have been raised on appeal but were not, unless the defendant can show either (a) "good cause for his failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims," *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996), or (b) that my refusal to consider the claims would "lead to a fundamental miscarriage of justice." *Id.*

### A.

Mr. Evans already appealed my denial of his *Batson* challenge, and the Seventh Circuit affirmed his conviction. *See United States v. Evans*, 192 F.3d 698 (7th Cir. 1999). Here he does not even argue that there were changed circumstances that would merit my review of his claim. The government suggests that Mr. Evans has waived this and other arguments by failing to raise them in his petition and that he should be barred from raising them in his reply. *See Marie O. v. Edgar*, 131 F.3d 610, 614 n.7 (7th Cir. 1997). Mr. Evans filed his petition pro se, and I must construe pro se prisoner petitions liberally. *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). However, Mr. Evans was represented by counsel when he filed his reply brief, and his attorney did not

3

respond to this argument. It is not my job "to research and construct the legal arguments open to parties, especially when they are represented by counsel." *Sanchez v. Miller*, 792 F.2d 694, 703 (7th Cir. 1986).

B.

Mr. Evans raises two nonconstitutional issues, which are, in effect, challenges to evidentiary rulings at trial. First, he claims that he was denied a fair trial because there was extraneous evidence submitted to the jury for deliberation, namely, photocopied checks unrelated to the charges against him on which the jury deliberated for "several hours." The government argues that the extrinsic checks in question were included on photocopied microfiche pages with the relevant checks, and that Mr. Evans stipulated to their admission in that form. Mr. Evans' attorney replies that the checks were never admitted and that they gave a "sinister appearance" and had a "snowball attack on the issue regarding credibility of the defendant," but he never addresses the question of the stipulation.

Mr. Evans does not deny that the stipulation was signed by Mr. Evans, that the "extrinsic" checks were clearly unrelated to his case, or that the relevant checks were marked with a black checkmark in the margin. The record reflects that the checks were

4

admitted pursuant a stipulation, R. at 359-60, 364, and where the defendant voluntarily stipulates to the admissibility of evidence, he waives the right to challenge the admission of the evidence. *See Bell v. Combined Registry Co.*, 536 F.2d 164, 167 (7th Cir. 1976). In any event, there was nothing "sinister" or prejudicial about submitting the extrinsic checks to the jury -- they had different names, account numbers and amounts than Mr. Evans' checks. Mr. Evans has not demonstrated that he was prejudiced by their admission.

Even if admission of the exhibits were a reviewable error, Mr. Evans could not properly raise it in a § 2255 petition because he did not raise it on direct appeal. Mr. Evans argues that the reason he did not appeal this issue directly was because his attorney on appeal "absolutely refused" to include the issue in his brief -- this is apparently an ineffective assistance of counsel argument. Even if so, "[n]onconstitutional issues . . . which could have been raised on direct appeal but were not, are deemed waived even without taking cause and prejudice into account." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997). The same reasoning applies to Mr. Evans' second nonconstitutional claim that he was improperly denied the opportunity to call or cross-

examine certain witnesses.

C.

Mr. Evans alleges three constitutional errors in addition to his *Batson* challenge discussed above -- that his trial counsel was ineffective, that juror Debra Drown was biased, and that the government failed to disclose favorable evidence about the grand jury testimony of Stephen Gray. Because he did not raise them on direct appeal, they are procedurally barred from consideration in a § 2255 petition unless he can show either actual cause and prejudice or that my failure to consider them would result in a miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). As I have explained elsewhere, "cause" means that the failure to raise the claims was not his fault, and "prejudice" means that the outcome would have been changed had the error not been made. *Wright v. Clark*, 96 F. Supp.2d 757, 759 (N.D. Ill. 2000). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Failure to raise a claim of ineffective assistance of trial counsel on direct appeal will not result in procedural default

"where trial counsel was appellate counsel because [trial counsel] 'can hardly be expected to challenge on appeal his own ineffectiveness at trial.'" *McCleese*, 75 F.3d at 1178 (citations omitted). But where, as here, a defendant is represented by different counsel on appeal, he is not excused from raising the ineffective assistance of his trial counsel on direct appeal, *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996), so the exception does not apply.

Mr. Evans argues that he did not raise any of his constitutional claims on direct appeal because of the ineffective assistance of his appellate counsel, Richard Kling. To establish that the failure to raise his other claims on appeal amounts to "cause," Mr. Evans would have to establish that his appellate counsel's performance was deficient (i.e., it fell below "an objective standard of reasonableness" based upon "prevailing professional norms") and that he suffered actual prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687-91 (1984). Mr. Evans argues that Mr. Kling "absolutely refused" to raise any claims other than the *Batson* violation on appeal. Beyond listing the alleged omissions, he does nothing to suggest that this was deficient performance or that he would have prevailed. "[A]ppellate

7

counsel need not raise all possible claims of error." *Page v. United States*, 884 F.2d 800, 802 (7th Cir. 1989). Where appellate counsel does file a brief (as opposed to not filing any appeal on the merits at all), the defendant must show that counsel failed to raise a nonfrivolous issue that was "clearly stronger than issues that counsel did present." *Smith v. Robbins*, -- U.S. --, 120 S.Ct. 746, 766 (2000).

Mr. Evans, now represented by counsel, did not respond to the government's argument that none of the issues he raises are "clearly stronger" than the *Batson* issue raised on appeal. Moreover, Mr. Evans has never, either in his petition or his reply, made an argument that he would have prevailed had these issues been raised on appeal. He says he was prejudiced because the "constitutional claims needed to be discussed," but he must at least *argue* that how it would have made a difference if the claims had been raised. Mr. Evans' constitutional claims are procedurally barred, and I could not even reach them if they were not because he has not made any substantive argument on the merits.

III.

Because all of his claims are procedurally barred, Mr. Evans' petition for post-conviction relief under 28 U.S.C. § 2255 is DENIED.

ENTER ORDER:

_____
Elaine E. Bucklo
United States District Judge

**Dated:** November 6, 2000

Copies have been mailed to:

Bart Huff
Assistant U.S. Attorney
219 S. Dearborn Street, 5th Fl.
Chicago, IL 60604

Attorney for Plaintiff

Emmett J. Marshall
Attorney at Law
166 W. Washington Street, #300
Chicago, IL 60601

Attorney for Defendant

Jesse J. Evans
1256 W. 96th Street
Chicago, IL 60643

Defendant